```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


KEVIN LYNN REVELS,                §
TDCJ-CID #654284,                 §
                                  §
          Plaintiff,              §
                                  §
v.                                §     CIVIL ACTION NO. H-06-4118
                                  §
GEAVEY JONES, OFFICER,            §
                                  §
          Defendant.              §
```

## MEMORANDUM OPINION AND ORDER

Kevin Lynn Revels, a TDCJ-CID prison inmate with an extensive history of filing abusive pleadings, has filed a prisoner civil rights complaint against a TDCJ-CID official. This action will be dismissed, and the Clerk will be instructed to refuse to file any future pleadings from Revels.

According to the United States Case/Party Index (https://pacer.uspci.uscourts.gov), Revels has filed at least 66 prisoner lawsuits in the federal district courts of Texas. Many of them have been dismissed as frivolous, and the United States District Court for the Eastern District of Texas has sanctioned Revels and barred him from filing any new actions until the sanction has been paid. See Revels v. Johnson, No. 9:97cv0207 (E.D. Tex. Sept. 17, 1997). The Southern District of Texas has warned him that he may be subject to further court ordered sanctions if he attempted to circumvent the Eastern District's orders. Revels v. Johnson,

No. H-00-1112 (S.D. Tex. Apr. 20, 2000), citing No. 9:97cv0207. After finding one of Revels' numerous habeas applications to be repetitive and frivolous, the United States Court of Appeals for the Fifth Circuit barred him from filing any pro se habeas pleading or appeal with that court without advance written permission from a judge of the forum court.  In re Revels, No. 98-11423 (5th Cir. Dec. 23, 1998).  See also In re Revels, No. 02-00027 (5th Cir. Sept. 24, 2002).

Despite the fact that Revels has been warned, sanctioned, and barred by the courts, he continues to file complaints and has resorted to tactics such as filing complaints under other names. See, e.g., Johns (Revels) v. Dretke, No. H-05-1791 (S.D. Tex. June 6, 2005).

The current proceeding is yet another attempt by Revels to contravene the courts' orders, this time by filing his complaint in a federal court that is unfamiliar with his litigation history. Revels filed the original complaint in the Western District of Virginia and named one defendant, a TDCJ-CID officer assigned to the Estelle High Security Unit near Huntsville, Texas.  The Virginia court transferred the action to this court because Revels is incarcerated in the Southern District of Texas and all of the events pertaining to the action are alleged to have occurred in the Southern District.  See Docket Entry No. 4.

Revels complains that a TDCJ-CID officer wrongly deprived him of his personal property.  In addition to seeking punitive damages

and a change in prison policy regarding the taking of property, Revels requests that the defendant be ordered to buy him a radio and a hot-pot and to permit him to purchase $60.00 in merchandise from the prison commissary. Revels' complaint has no legal support under 42 U.S.C. § 1983 because Texas law provides an adequate remedy for unauthorized taking of property. Hudson v. Palmer, 104 S.Ct. 3194 (1984); Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). See also Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995). Moreover, Revels' claim is barred because there is no showing that he suffered any physical injury as a result of the alleged taking of his photographs. See 42 U.S.C. § 1997e(e); Geiger v. Jowers, 404 F.3d 371, 374-375 (5th Cir. 2005). Apart from being filed in violation of court orders, this action is subject to dismissal because the claim is frivolous. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

The court records show that Revels has repeatedly flaunted specific orders from the district and appellate courts that have instructed him to cease filing pleadings without obtaining advance authorization. Like many prisoners, Revels has little incentive to refrain from pursuing litigation, which serves no purpose other than to waste court resources. See Neitzke v. Williams, 109 S.Ct. 1827, 1832 (1989) (noting the large number of frivolous complaints from prisoners hoping to enjoy a "'short sabbatical in the nearest federal courthouse'"), quoting Cruz v. Beto, 92 S.Ct. 1079, 1084 (1972) (Rehnquist, J., dissenting).

There is no indication that Revels has satisfied any of the conditions of the prior orders to pay sanctions, and those orders do not appear to deter him from filing vexatious pleadings. Additional measures must be taken to curb the extreme antics of such litigants. See Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988) ("We do not sit as means by which the system can be punished -- or to be punished ourselves -- by the pursuit of frivolous or malicious appeals by disgruntled state prisoners."). Therefore, this action will be dismissed, an additional sanction will be imposed, and the Clerk will be instructed to reject all future filings from Revels.

## Conclusion

Accordingly, the court **ORDERS** as follows:

1. This cause of action, filed by Kevin Lynn Revels, TDCJ-CID #654284, is **DISMISSED with prejudice** because it is frivolous pursuant to 28 U.S.C. § 1915A and because it was filed in violation of court orders.

2. Due to his continued abuse of judicial resources, Kevin Lynn Revels, TDCJ-CID #654284, is **SANCTIONED** in the amount of Three Hundred Dollars ($300.00). To ensure compliance with this Order, the Inmate Trust Fund Account Office of TDCJ-CID is directed to place a hold on plaintiff's account, to withdraw funds from plaintiff's account until the sanction amount has been collected, and to forward the amount to this Court.

3. The Motion to Reimburse (Docket Entry No. 2) is **DENIED**.

4. Revels is **BARRED** from filing any civil rights suit in this district.

5.  **<u>THE CLERK IS ORDERED NOT TO ACCEPT FOR FILING ANY PLEADINGS OR OPEN ANY MAIL FROM KEVIN LYNN REVELS. ALL MAIL SHALL BE RETURNED TO REVELS MARKED "FRIVOLOUS FILER, RETURN TO SENDER."</u>**

The Clerk will provide copies of this Memorandum Opinion and Order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax No. 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax No. 936-437-4793; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 25th day of January, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE